# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ARIELLE EUBANKS-CARSWELL,

    Plaintiff,

v.                                       Case No. 8:18-cv-1238-T-AAS

ANDREW SAUL,
Commissioner,
Social Security Administration,[1]

    Defendant.
_____/

## ORDER

Arielle Eubanks-Carswell seeks judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for supplemental security income (SSI) and disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), administrative record, pleadings, and joint memorandum the parties submitted, the Commissioner's decision is **REMANDED** for further consideration consistent with this order.

---

[1] On June 17, 2019, Andrew Saul became Commissioner of the Social Security Administration. Consistent with Federal Rule of Civil Procedure 25(d), Mr. Saul is substituted as a party in Nancy Berryhill's place.

## I. PROCEDURAL HISTORY

Ms. Eubanks-Carswell applied for SSI and DIB for a disability she claims began on November 13, 2013. (Tr. 237–46).[2] Disability examiners denied Ms. Eubanks-Carswell's applications initially and after reconsideration. (Tr. 104–63). Ms. Eubanks-Carswell then requested a hearing before an ALJ, who found Ms. Eubanks-Carswell not disabled. (Tr. 27–37, 188).

The Appeals Council denied Ms. Eubanks-Carswell's request for review of the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. (Tr. 1–3). Ms. Eubanks-Carswell now seeks review of the Commissioner's final decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Ms. Eubanks-Carswell was twenty-six years old when she submitted her SSI and DIB applications, and she was twenty-nine years old when the ALJ held the hearing. (Tr. 48, 237). Ms. Eubanks-Carswell has a high school education and some technical training as a phlebotomy technician. (Tr. 57).

---

[2] Ms. Eubanks-Carswell's SSI application lists December 31, 2012, as her alleged onset date. (Tr. 237). The ALJ, Ms. Eubanks-Carswell, and the Commissioner, however, recognize November 13, 2013, as Ms. Eubank-Carswell's alleged onset date for her SSI and DIB applications. (Tr. 27; Doc. 21, p. 1).

She has no past relevant work. (Tr. 91). Ms. Eubanks-Carswell claimed disability because of "bipolar, anxiety, sciatic nerve damage, vertigo, vision, [and] colon disease." (Tr. 104).

## B. Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[3] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial gainful activity,[4] she is not disabled. §§ 404.1520(b), 416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, then she has no severe impairment and is not disabled. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment included in the Listings, she is not disabled. §§ 404.1520(d), 416.920(d); 20 C.F.R. pt. 404, subpt. P, app. 1. Fourth, if a claimant's impairments do not prevent her from performing past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At

---

[3] If the ALJ determines that the claimant is under a disability at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[4] Substantial gainful activity is paid work that requires significant physical or mental activity. §§ 404.1572, 416.910.

3

this fourth step, the ALJ determines the claimant's residual functional capacity ("RFC").[5] Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing other work that exists in the national economy, then she is not disabled. §§ 404.1520(g), 416.920(g).

The ALJ here determined Ms. Eubanks-Carswell engaged in no substantial gainful activity since the alleged onset date. (Tr. 29). The ALJ found Ms. Eubanks-Carswell has the following severe impairments: "status post (s/p) right shoulder arthroscopic repair, schizophrenia, bipolar disorder, anxiety disorder, and post-traumatic stress disorder (PTSD)." (Tr. 30) (citations omitted). Nonetheless, the ALJ found Ms. Eubanks-Carswell's impairments or combination of impairments fail to meet or medically equal the severity of an impairment included in the Listings. (*Id.*).

The ALJ then found Ms. Eubanks-Carswell has the RFC to perform light work with the following limitations:

> [S]he is limited to frequent contact with the general public, supervisors and co-workers. She is limited to routine, repetitive tasks, and no semi-skilled or skilled work.

(Tr. 32). Based on these findings, the ALJ determined Ms. Eubanks-Carswell could perform jobs that exist in significant numbers in the national economy,

---

[5] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. §§ 404.1545, 416.945(a).

4

specifically a housekeeping cleaner, fast-food worker, and advertising-material distributor. (Tr. 37). The ALJ therefore found Ms. Eubanks-Carswell not disabled. (*Id.*).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Phillips*, 357 F.3d at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote,* 67 F.3d at 1560; *see*

*also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

**B.     Issues on Appeal**

Ms. Eubanks-Carswell argues the court should remand the ALJ's decision for three reasons. (Doc. 21, pp. 17–39). First, she argues the ALJ erred when he considered Ms. Eubanks-Carswell's statements about the severity of her impairments. (*Id.* at 17–20). Second, Ms. Eubanks-Carswell argues the ALJ's RFC determination and hypothetical questions to the vocational expert (VE) at the hearing are not supported by substantial evidence. (*Id.* at 25–28). Third, Ms. Eubanks-Carswell argues the ALJ erred when he found Ms. Eubanks-Carswell's impairments fail to equal an impairment included in the Listings. (*Id.* at 31–35).

This order will focus on the second issue Ms. Eubanks-Carswell raises: whether the ALJ failed to consider evidence when he determined Ms. Eubanks-Carswell's RFC.

1. RFC Determination

Ms. Eubanks-Carswell argues the ALJ failed to state how much weight he gave to testimony from Findley-Hawthorne, Ms. Eubanks-Carswell's licensed clinical social worker. (Doc. 21, pp. 33–34). Ms. Eubanks-Carswell points out that Findley-Hawthorne testified Ms. Eubanks-Carswell could not

6

keep a full-time job because of poor memory and attendance problems. (Doc. 21, pp. 26, 34). Ms. Eubanks-Carswell argues Findley-Hawthorne testified that Ms. Eubanks-Carswell has significant social anxiety, which causes difficulty in retaining employment (even with vocational services). (*Id*). Ms. Eubanks-Carswell further argues the ALJ would arrive at a more limited RFC—and more restrictive hypothetical to the VE—had he considered Findley-Hawthorne's testimony. (*Id.* at 27).

The Commissioner argues Ms. Eubanks-Carswell fails to prove she cannot sustain full-time employment. (*Id.* at 29). The Commissioner first argues substantial evidence supports the ALJ's finding that Ms. Eubanks-Carswell could maintain frequent interactions with others because she can participate in social and volunteering activities. (*Id.*) The Commissioner also points to the fact that Ms. Eubanks-Carswell could maintain a consistent schedule during stressful times, like her last pregnancy. (*Id.*) The Commissioner next argues Ms. Eubanks-Carswell failed to cite evidence that shows she would have attendance problems that would prevent her from working. (*Id.*) Last, the Commissioner argues Ms. Eubanks-Carswell's mental condition is treatable with medication. (*Id.* at 29–30).

At step four of the sequential evaluation, the ALJ determines the claimant's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). A claimant's RFC is the most she can perform in a work setting despite her impairments. §§ 404.1545,

416.945(a); *Phillips*, 357 F.3d at 1238. The ALJ must determine the claimant's RFC using all relevant medical and other evidence. *Phillips*, 357 F.3d at 1238. Substantial evidence must support the ALJ's RFC determination. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004); *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005).

The ALJ must state with particularity the weight given to different opinions, including opinions from counselors, and his reasons for doing so. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987); *Ryan v. Heckler*, 762 F.2d 939, 941–42 (11th Cir. 1985). The ALJ may reject any opinion if evidence supports a contrary finding, but he must still articulate reasons for assigning little weight. *Caulder v. Bowen*, 791 F.2d 872, 880 (11th Cir. 1986). Provided his decision does not broadly reject a claim for Social Security benefits, the ALJ need not refer to every piece of evidence. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014). Although it is unnecessary to refer to every piece of evidence, the ALJ must consider all available evidence and articulate the weight given to probative evidence. *Id.*; *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

Here, the ALJ failed to state how much weight he gave to Findley-Hawthorne's testimony. Although the ALJ discusses Findley-Hawthorne's statements with respect to Ms. Eubanks-Carswell's social anxiety, memory, and concentration problems, the ALJ fails to assign weight to Findley-

Hawthorne's statements. (Tr. 32). The ALJ's failure to assign weight to this testimony requires remand because Findley-Hawthorne's opinion is probative evidence.

Findley-Hawthorne's testimony is probative evidence because it directly concerns Ms. Eubanks-Carswell's residual functional capacity to retain employment. (Tr. 81–89). Findley-Hawthorne interacts with Ms. Eubanks-Carswell at least three times a week, during which time she observes Ms. Eubanks-Carswell's mental state and helps her retain employment. (Tr. 81–82). Findley-Hawthorne keeps track of all Ms. Eubanks-Carswell's appointments and drives her to work. (Tr. 82). Findley-Hawthorne further testified Ms. Eubanks-Carswell suffers from delusions about seeing a name on license plates, which causes her great anxiety. (Tr. 82–83).

Findley-Hawthorne also testified Ms. Eubanks-Carswell has trouble maintaining conversations and will often move to a new conversation without notice. (Tr. 84). Findley-Hawthorne testified that Ms. Eubanks-Carswell cannot perform much household work and Ms. Eubanks-Carswell's mother supports most of the household. (Tr. 83). Considering Ms. Eubanks-Carswell claims that her mental impairments prevent her from working, the ALJ must articulate with particularity how much weight he gave to Findley-Hawthorne's testimony. The ALJ's failure to state how much weight he gave to Findley-

Hawthorne's testimony, which is probative of Ms. Eubanks-Carswell's alleged mental impairments, requires remand.

2. Remaining Issues

Courts review an ALJ's decision to determine whether substantial evidence supports the Commissioner's final decision. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Without clearly articulating reasons for rejecting opinions, a court cannot determine whether substantial evidence supports the ALJ's decision. *See Winschel v. Comm'r of Soc. Sec*, 631 F.3d 1176, 1179 (11th Cir. 2011) (discussing ALJ's failure to state how much weight was assigned to medical opinions).

Here, the court cannot determine whether substantial evidence supports the ALJ's decision with respect to other issues Ms. Eubanks-Carswell raises on appeal because the ALJ failed to state how much weight he gave to Findley-Hawthorne's testimony. Therefore, the court need not address those issues because the ALJ's analysis of Findley-Hawthorne's statements could materially affect them.

## IV. CONCLUSION

The ALJ failed to articulate how much weight he gave to Findley-Hawthorne's testimony. The Commissioner's decision is **REMANDED** for further consideration consistent with this order, and the case is **DISMISSED**. The Clerk of Court must enter final judgment for Ms. Eubanks-Carswell

consistent with 42 U.S.C. Section 405(g).

**ORDERED** in Tampa, Florida, on August 2, 2019.

AMANDA ARNOLD SANSONE
United States Magistrate Judge