UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARIELLE EUBANKS-CARSWELL,

    **Plaintiff,**

v.                                                Case No. 8:18-cv-1238-T-AAS

ANDREW SAUL,
Commissioner,
Social Security Administration,[1]

    **Defendant.**
_____/

## ORDER

Arielle Eubanks-Carswell seeks an award of $5,982.41 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. 29). The Commissioner opposes this motion. (Doc. 31)

## I.    BACKGROUND

Ms. Eubanks-Carswell protectively applied for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income on November 13, 2013. (Doc. 22, pp. 1–2). She attributed her disability to bipolar, anxiety, sciatic nerve damage, vertigo, vision, and colon disease. (*Id.* at p. 3). Ms. Eubanks-Carswell requested and received a hearing before an administrative law judge (ALJ), who determined she ha these severe impairments: status post (s/p) right shoulder arthroscopic repair, schizophrenia, bipolar disorder, anxiety disorder, and post-traumatic stress disorder.

---

[1] On June 17, 2019, Andrew Saul became Commissioner of the Social Security Administration. Consistent with Federal Rule of Civil Procedure 25(d), Mr. Saul is substituted as a party in Nancy Berryhill's place.

1

(*Id.* at pp. 2, 4). Despite these impairments, the ALJ concluded Ms. Eubanks-Carswell had the residual functional capacity to perform light work, subject to the limitations in the decision, and Ms. Eubanks-Carswell could perform jobs that existed in significant numbers in the national economy. (*Id.* at p. 4). The ALJ held Ms. Eubanks-Carswell was not disabled. (*Id.* at p. 5). Ms. Eubanks-Carswell appealed to the Appeals Council which denied her request for review. (*Id.* at p. 2). Having exhausted her administrative remedies, Ms. Eubanks-Carswell timely appealed to this court. (Doc. 1).

The parties briefed prepared a joint memorandum on the issues. (Doc. 21). After considering the merits of the parties' positions, the court ruled for Ms. Eubanks-Carswell. (Doc. 22, p. 10). The court found the ALJ failed to state how much weight he gave to Ms. Raquel Findley-Hawthorne, Ms. Eubanks-Carswell's licensed social worker. (*Id.* at p. 8). The court recognized the ALJ discussed Ms. Findley-Hawthorne's statement. (*Id.* at pp. 8–9). But the court noted even though the ALJ need not refer to every piece of evidence, the ALJ must consider all evidence and articulate the weight given to probative evidence. (*Id.* at p. 8). The court found the ALJ should have assigned weight to Ms. Findley-Hawthorne's opinion because it was probative evidence. (*Id.* at pp. 9–10).

Ms. Eubanks-Carswell filed this motion under the EAJA seeking an award of $5,982.41 in attorney's fees. (Doc. 29). The motion is supported by counsel's affidavit and an itemized schedule of hours and services rendered. (Docs. 24, pp. 4–6; 24-1).

2

## II. LEGAL STANDARD

The EAJA states "a court shall award to a prevailing party other than the United States" reasonable attorney's fees and costs "incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The prerequisites to an award of fees under the EAJA are: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant timely applied for attorney's fees; (4) the claimant had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust. 28 U.S.C. § 2412(d).

A court's order reversing the ALJ's decision constituted a final order for the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). "In sentence four cases, the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) (citing 28 U.S.C. § 2412(d)(2)(G)).

The word "substantially," as used in the EAJA means: "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In *Pierce*, the Supreme Court

3

explained "a position can be justified even though it is not correct, and we believe it can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 585 n. 2.

The phrase "position of the United States" includes the Commissioner's position in the underlying administrative proceedings and his position in the court proceedings. *Stratton v. Bowen*, 827 F.2d 1447, 1449 n. 2 (11th Cir. 1987). "The government's success or failure on the merits at each level may be evidence of whether its position was substantially justified, but that success or failure alone is not determinative of the issue." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). If the court finds some, but not all of the Commissioner's positions were substantially justified then the Commissioner "may be required to pay EAJA fees to a prevailing party for the award on any claim that was not substantially justified." *United States v. Jones*, 125 F.3d 1418, 1427 (11th Cir. 1997). However, when the plaintiff's claims are based on a single set of facts and the issues are intertwined, then the plaintiff may recover fees for counsel's work on the entire case. *Id.* (citing *Haitian Refugee Ctr. v. Meese*, 791 F.2d 1489, 1500 (11th Cir. 1986)).

The burden is on the Commissioner to show by a preponderance of the evidence that his position was substantially justified. *White v. United States*, 740 F.2d 836, 839 (11th Cir. 1984). The standard is one of reasonableness; the government must show "its case had a reasonable basis both in law and fact." *See Matthews v. United States*, 713 F.2d 677, 683 (11th Cir. 1983). Simply because the government lost its

4

case does not raise a presumption that the government's position was not substantially justified. *White*, 740 F.2d at 839. Nor is the government required to establish its decision to litigate was based on a substantial probability of prevailing. *Id.*

### III. DISCUSSION

The Commissioner does not dispute Ms. Eubanks-Carswell is the prevailing party or the reasonableness of the requested fees. (Doc. 31). Ms. Eubanks-Carswell claims her net worth is less than two million dollars. (Doc. 29, ¶ 5). Other than the Commissioner's objection, no special circumstances would make an award of fees unjust. The only issue is whether the Commissioner's position was substantially justified.

The Commissioner argues his position at both the administrative and litigation levels was reasonable under the law and evidence in the record. (Doc. 31, p. 2). The Commissioner asserts the ALJ did not violate agency policy by failing to assign weight to Ms. Findley-Hawthorne's statements and was supported by some Eleventh Circuit precedent. (*Id.*). The Commissioner argues the case of *McMahon v. Comm'r, Soc. Sec. Admin.*, 583 F. App'x 886 (11th Cir. 2014), is persuasive. (*Id.* at p. 3). *McMahon* recognizes the ALJ need not assign and explain weight to statements given from "other source" opinions. (*Id.*). The Commissioner asserts the ALJ's decision allows a subsequent reviewer to follow the ALJ's reasoning as to why he found Ms. Eubanks-Carswell less limited than Ms. Findley-Hawthorne stated because the

5

evidence showed Ms. Eubanks-Carswell could still engage in a reduced range of light work. (*Id.*).

Ms. Eubanks-Carswell agrees Ms. Findley-Hawthorne's opinion is an "other source" opinion but the social security regulations specify the ALJ should consider "other source" evidence if probative to functional limitations and severity. (Doc. 34, pp. 1–2). Ms. Eubanks-Carswell argues *McMahon* is factually different than this case because Ms. Findley-Hawthorne's opinion addressed Ms. Eubanks-Carswell's functional abilities and that did not occur in *McMahon*. (*Id.* at p. 2). Ms. Eubanks-Carswell argues the court could not follow the ALJ's reasoning because the court could not determine whether substantial evidence supported the ALJ's decision on other issues which stemmed from the ALJ's failure to state how much weight was given to Ms. Findley-Hawthorne's opinion. (*Id.* at p. 3).

The ALJ must state with particularity the weight given to different opinions, including opinions from counselors, and his reasons for doing so. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987); *Ryan v. Heckler*, 762 F.2d 939, 941–42 (11th Cir. 1985). The ALJ may reject any opinion if evidence supports a contrary finding, but he must still articulate reasons for assigning little weight. *Caulder v. Bowen*, 791 F.2d 872, 880 (11th Cir. 1986). Provided his decision does not broadly reject a claim for Social Security benefits, the ALJ need not refer to every piece of evidence. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014). Although it is unnecessary to refer to every piece of evidence, the ALJ must consider all available evidence and

articulate the weight given to probative evidence. *Id.*; *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

Here, the court found:

> the ALJ failed to state how much weight he gave to Findley-Hawthorne's testimony. Although the ALJ discusses Findley-Hawthorne's statements with respect to Ms. Eubanks-Carswell's social anxiety, memory, and concentration problems, the ALJ fails to assign weight to Findley-Hawthorne's statements. The ALJ's failure to assign weight to this testimony requires remand because Findley-Hawthorne's opinion is probative evidence.
>
> Findley-Hawthorne's testimony is probative evidence because it directly concerns Ms. Eubanks-Carswell's residual functional capacity to retain employment. Findley-Hawthorne interacts with Ms. Eubanks-Carswell at least three times a week, during which time she observes Ms. Eubanks-Carswell's mental state and helps her retain employment. Findley-Hawthorne keeps track of all Ms. Eubanks-Carswell's appointments and drives her to work. Findley-Hawthorne further testified Ms. Eubanks-Carswell suffers from delusions about seeing a name on license plates, which causes her great anxiety.
>
> Findley-Hawthorne also testified Ms. Eubanks-Carswell has trouble maintaining conversations and will often move to a new conversation without notice. Findley-Hawthorne testified that Ms. Eubanks-Carswell cannot perform much household work and Ms. Eubanks-Carswell's mother supports most of the household. Considering Ms. Eubanks-Carswell claims that her mental impairments prevent her from working, the ALJ must articulate with particularity how much weight he gave to Findley-Hawthorne's testimony. The ALJ's failure to state how much weight he gave to Findley-Hawthorne's testimony, which is probative of Ms. Eubanks-Carswell's alleged mental impairments, requires remand.

*Eubanks-Carswell v. Saul*, No. 8:18-cv-1238-AAS, 2019 WL 3521999, at *3 (M.D. Fla. Aug. 2, 2019) (internal citations omitted).

Since the law requires the ALJ to explain adequately the weight given to probative evidence, even if designated as "other source" evidence, the ALJ must specify on the record the weight given. *See Cowart*, 662 F.2d at 735. Here, the ALJ did not. The court also provided specific examples of how Ms. Findley-Hawthorne's testimony was probative requiring the ALJ to assign specific weight. 2019 WL 3521999, at *3. The ALJ also did not provide evidence that would allow a subsequent reviewer to follow his reasoning in the opinion making it difficult for this court to determine if the overall decision was supported by substantial evidence.

While unpublished Eleventh Circuit opinions like *McMahon* are persuasive, they are not binding precedent. *See* 11th Cir. R. 36-2. Here, the court followed published Eleventh Circuit case law requiring the ALJ to articulate the weight given to probative evidence. *See Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014); *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Therefore, the Commissioner was not substantially justified in his position.

**IV. AWARD**

As Ms. Eubanks-Carswell is the prevailing party and the position of the United States was not substantially justified, she is entitled to reasonable attorney's fees. Ms. Eubanks-Carswell assigned her rights to EAJA fees to her attorney. (Doc. 24-2). Attorney's fees awarded to a claimant under the EAJA can be offset to satisfy the claimant's pre-existing debt to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Following this order, the United States Department of the Treasury will

determine whether Ms. Eubanks-Carswell owes a debt to the United States. If Ms. Eubanks-Carswell has no federal debt, the United States will accept her assignment of EAJA fees and pay the fees directly to counsel.

In Ms. Eubanks-Carswell's reply to the Commissioner's response to the motion for attorney's fees, Ms. Eubanks-Carswell's counsel states she spent 3.1 hours preparing the reply brief. (Doc. 34). Even though Ms. Eubanks-Carswell's counsel expended additional time, the court finds only the hours and amount specified in the amended motion appropriate. Thus, Ms. Eubanks-Carswell's motion for attorney's fees under the EAJA (Doc. 29) is **GRANTED**. Ms. Eubanks-Carswell is awarded **$5,982.41** in attorney's fees.

**ORDERED** in Tampa, Florida on December 12, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge